Diana **MARTINEZ**, Plaintiff,

v.

**COTULLA INDEPENDENT SCHOOL DISTRICT, et al., Defendants.**

Civ. A. No. L–87–11.

United States District Court, S.D. Texas, Laredo Division.

Sept. 26, 1988.

Sharon Trigo, Laredo, Tex., for plaintiff.

Judy Underwood, Austin, Tex., for defendants.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before the Court is Defendants' motion for summary judgment. For the reasons stated below, Defendants' motion is partially granted.

Plaintiff Martinez argues that her First Amendment rights of speech and association were violated when Defendant Cotulla School Board terminated her employment on May 7, 1985. Martinez claims Defendants fired her for initiating a formal grievance proceeding over her failure to receive a pay increase for 1984–1985 and for supporting the political activities of her husband, County Judge Leodoro Martinez, Jr.

Not all speech by a public employee is protected by the First Amendment. Protected speech must address matters of "legitimate public concern." *Day v. South Park Indep. School Dist.,* 768 F.2d 696, 700 (5th Cir.1985). Whether an employee's speech addresses a matter of public concern is determined by the content, form, and context of the speech, as revealed by the record as a whole. *Connick v. Myers,* 461 U.S. 138, 147–48, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983). In *Connick,* the Supreme Court held:

> when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.

*Id.* at 147, 103 S.Ct. at 1690.

On summary judgment, Plaintiff bears the burden of producing some evidence to refute Defendants' claim that the grievance did not address matters of public concern. *Page v. DeLaune,* 837 F.2d 233, 237–38 (5th Cir.1988). Plaintiff has not alleged, nor is there evidence tending to show, that her grievance about her failure to receive a pay increase addressed matters of public concern. She has not alleged that her grievance was over school policy or involved the grievance procedure itself. *See, Day,* 768 F.2d at 699. There is no evidence that her grievance was anything other than a disagreement over the merits of the School Board's decision denying her a pay raise. Where a petition involves matters of only personal interest, it is not protected by the First Amendment. "[T]he First Amendment does not require a public

office to be run as a roundtable for employee complaints over internal office affairs." *Connick*, 461 U.S. at 149, 103 S.Ct. at 1691. Defendant's motion for summary judgment on this claim is therefore GRANTED.

Plaintiff's second claim is that she was fired because she supported the political activity of her husband, County Judge Leodoro Martinez, Jr., and that this violated her First Amendment associational rights. To prevail on her claim, the Plaintiff must show that her conduct was constitutionally protected, was impermissibly infringed upon by the discharge, and was a substantial motivating factor in the Board's discharge decision. *Brantley v. Surles*, 718 F.2d 1354, 1358 (5th Cir.1983); *Tanner v. McCall*, 625 F.2d 1183, 1190 (5th Cir.1980). The Defendants can defeat her claim by showing that they would have made the same decision even "in the absence of the protected conduct." *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977).

██ Defendant argues that Plaintiff has not shown any constitutionally protected conduct. However, it is clear that if Plaintiff, a public employee, was terminated for her political beliefs and affiliation, she can assert a violation of her First Amendment right to freedom of association. *Elrod v. Burns*, 427 U.S. 347, 357, 96 S.Ct. 2673, 2681, 49 L.Ed.2d 547 (1976). The Fifth Circuit has held that a public employee "has a constitutionally protected right to actively support, work for and campaign for a partisan candidate for political office or even to run for such office himself." *McCormick v. Edwards*, 646 F.2d 173, 175 (5th Cir.1981). Defendants cite *Montgomery v. Trinity Indep. School Dist.*, 809 F.2d 1058 (5th Cir.1987) for the proposition that Plaintiff must produce evidence of her own political activity in addition to being associated with a political candidate. *Montgomery* is readily distinguishable. There, a teacher had not presented sufficient evidence to show that *her* activities as president of the teacher's association led to her termination. Because she did not properly plead a violation of her associational rights, the trial court refused to consider that issue. It noted that if the teacher had properly alleged that she was terminated with regard to *her husband's political activities*, she might have had a colorable freedom of association claim. *Id.* at 1060–61. The Fifth Circuit sustained the findings of the trial court. Thus, *Montgomery* in no way impairs *Elrod*'s holding that termination for mere association with another's political beliefs is sufficient to support a freedom of association claim. *Elrod*, 427 U.S. at 358–59, 96 S.Ct. at 2682. In *Elrod* itself, the discharged employees engaged in no political activity at all. The Fifth Circuit viewed the *Elrod* case as involving the most clear-cut violation of First Amendment rights because the discharged employees "did not campaign, they did not even speak; they merely thought." *McBee v. Jim Hogg County*, 730 F.2d 1009, 1014 (5th Cir.1984) (en banc). The Plaintiff in the instant case has squarely alleged a violation of her associational rights and has produced evidence that she was terminated for believing in the political views of her husband. *See* Testimony of ex-School Board Member M. Perez, v. 1 at 180. Moreover, the Plaintiff's job as Director of Food Services did not require that she share the political views of her employer. There is no evidence that "party affiliation is an appropriate requirement for the effective performance of the public office involved." *McBee*, 730 F.2d at 1013. Thus, the Plaintiff has shown that her conduct was constitutionally protected.

██ Whether the Plaintiff's association with and support of her husband's political views and activities was a substantial and motivating factor in the Defendants' termination decision is in dispute. Plaintiff's affidavit and the testimony of M. Perez provide sufficient facts to defeat Defendants' contention that there is no genuine issue of material fact. A review of the record also indicates that there are sufficient facts to show that the problems Plaintiff had with her staff were caused by the Defendants' efforts to force her out. Therefore, under Rule 56, Federal Rules of Civil Procedure, the Defendants' motion for

**20**

summary judgment on this claim is DENIED.